IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :  CRIMINAL NO. 19-636 |
| DESHAUN DAVIS, (1) | : |
| DWAYNE BUTLER, (2) | |
| TYLEEL SCOTT-HARPER, (3) | : |
| ISIAH JENIFER, (6) | : |
| FREDERICK ROCHESTER, (7) | |
| JAMEL COVINGTON, (8) | : |
| JOHVON COVINGTON (9) | |

**GOVERNMENT'S MOTION TO ADMIT STATEMENTS BY DEEFENDANTS PURSUANT TO FED.R.EVID. 801(d)(2)(A) AND 801(d)(2)(E), AND STATEMENTS BY CALLERS AND CONFIDENTIAL INFORMANTS PURSUANT TO FED.R.EVID. 801(c)**

The United States of America, by its attorneys, Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, Meaghan A. Flannery and Matthew T. Newcomer, Assistant United States Attorneys for the district, hereby moves this Court to admit statements made by defendants as admissions by a party-opponent, pursuant to Fed.R.Evid.801(d)(2)(A), and as statements by a co-conspirator in furtherance of a conspiracy, pursuant to Fed.R.Evid. 801(d)(2)(E). These statements were intercepted on Target Telephones 1, 2, and 3, and during recorded calls with confidential sources arranging for the sale of crack-cocaine and other controlled substances. The government also moves this Court to admit statements made by callers to Target Telephones 1, 2, and 3 and statements made by confidential informants in the purchase of crack cocaine and other controlled substances for a non-hearsay purpose, pursuant to Fed.R.Evid. 801(c). These statements will not be admitted for their truth; rather, they will introduced to put the defendants' statements in context. This motion therefore supplements the government's *Starks* motion, which seeks the admission of recordings, by

1

addressing the legal bases to admit the statements. The government acknowledges that all statements must comply with Fed.R.Evid. 403, and submits the following in support of this motion:

1.   On October 13, 2019, a federal grand jury in the Eastern District of Pennsylvania returned a 68-count indictment charging thirteen defendants with a variety of crimes related to the 3rd Bone Drug Trafficking Organization. The group operated in the western portion of the city of Chester and was involved in narcotics distribution and several gang-related shootings and homicides. Each defendant is charged with conspiring to distribute cocaine base "crack," cocaine, fentanyl, and heroin in violation of 21 U.S.C. § 846. The indictment identifies 194 overt acts that were part of this alleged conspiracy, which began in or about May 2016 and ended in or about September 2019. Each defendant is also charged with a number of substantive drug and firearm offenses including distribution and possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1), use of a communication facility in furtherance of a drug felony in violation of 21 U.S.C. § 843(b), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

2.   The criminal charges are the result of a long-term investigation conducted by the Federal Bureau of Investigation (FBI), Drug Enforcement Agency (DEA), and the Chester Police Department (CPD). During the investigation, the FBI obtained authorization for wiretaps on three cellular telephones (hereinafter "Target Telephones 1, 2 and 3"). Target Telephones 1 and 2 were owned and operated principally by defendant Butler, and Target Telephone 3 belonged to defendant Davis. The FBI intercepted over 2,500 pertinent calls on Target Telephones 1, 2, and 3 during September, October, November, and December of 2018. The government submits that

defendants Deshaun Davis, Dwayne Butler, Tyleel Scott-Harper, Isiah Jenifer, Frederick Rochester, and Jamel Covington were intercepted on Target Telephone 1, Target Telephone 2, and/or Target Telephone 3.[1]

3.  During the investigation, the FBI and DEA used confidential sources to make controlled purchases of crack cocaine and other controlled substances from the charged defendants. During these purchases, the confidential sources consented to making audio/video recordings of their meetings with the charged defendants. Accordingly, there are audio and video recordings of purchases from defendants Dwayne Butler, Tyleel Scott-Harper, Frederick Rochester, and Johvon Covington.

4.  The following two recordings are examples of the legal issues discussed by this motion. The first example recording is Session # 3925, an intercepted conversation on Target Telephone 1 from October 15, 2018. This call is listed in Overt Acts 92 and 93 of the conspiracy charged in Count One of the Indictment. The second recording is a recorded conversation from a controlled purchase of crack cocaine on January 24, 2017. The January 24th drug sale is listed as Overt Act 8 of the conspiracy charged.

## Example One:  Session # 3925

The government will present testimony that the speakers in this call are Dwayne Butler (DB) and Jamel Covington (JC).

DB:     Yo.

JC:     Boat load is in n*gga.

DB:     What, the gear?

---

[1] Defendants, Isiah Jenifer and Frederick Rochester's interceptions were limited to text messages.

| | |
|---|---|
| JC: | Yeah. |
| DB: | Uh, oh yeah? What they goin' for? |
| JC: | Our side of the, our side of the city ain't gonna be a drought no more once that . . . |
| DB: | Oh you just kill me. (laughs) So what they, what it's going for? Uh, a ounce, point? |
| JC; | A O thirteen. |
| DB: | He said what? |
| JC: | I said a O thirteen. |
| DB: | Oh, thirteen? |
| JC: | Yeah. |
| DB: | I'm getting' 'em for twelve. |
| JC: | No, yayo got 'em for twelve. |
| DB: | I know. When he run out I'll come your way. |
| JC: | That just hit, n*gga. The hard hit. The body hit but the dog not. |
| DB: | Oh. |
| JC: | The dog good as shit. I bought a O off of him. Everything came back. |
| DB: | Oh yeah? |
| JC: | Yeah but the body . . . |
| DB: | Grab that dutchie for me. That's on the side of the couch. On this here cough, right here. |
| JC: | Alright dog. |
| DB: | Alright. |

**Example Two: Controlled Purchase on January 24, 2017**

The government will present evidence that the speakers in this crack deal are a

Confidential Human Source (CHS) and defendant Johvon Covington. The government will present evidence that prior to this recorded phone call the CHS called Covington and set up a controlled buy of crack. The CHS then called Covington again to tell Covington that he was near 3rd Street and Lamokin Street. This call was conducted on speaker phone so that law enforcement could hear the call via the transmitter. The audio of the call was also recorded on the body recorder on CHS. During this call, Covington responded, "I left it with my man and I'm sending him to you. I had to make another run, he got it for you."

     5.     Pursuant to Fed.R.Evid. 801(d)(2)(A), the statement of a party-opponent is not hearsay. In this case, defendants Deshaun Davis, Dwayne Butler, Jamel Covington, and Johvon Covington are all party-opponents of the government. Accordingly, the statements they made in these recordings are not hearsay and are admissible against them.

     6.     Pursuant to Fed.R.Evid. 801(d)(2)(E), the statement of a party's co-conspirator during and in furtherance of the conspiracy is not hearsay. In this case, Deshaun Davis, Dwayne Butler, Jamel Covington, and Johvon Covington, among the other charged defendants, are charged in Count One with conspiring together to distribute crack cocaine and other controlled substances. In Session # 3925, Jamel Covington is discussing with Butler that he was resupplied with drugs. Covington says that he is selling ounces of crack for $1,300 and Butler responds that he is getting the same amount for $1,200. Jamel Covington responds, "No, yayo got 'em for twelve." This statement is made in furtherance of the conspiracy because Covington is explaining to Butler that he was recently re-supplied with drugs and is selling an ounce of crack for $1,300. Butler tells Covington that he is getting ounce quantities of crack for $1,200, and Covington confirms Butler's source stating, "Yeyo" (an alias of defendant Deshaun Davis) is selling ounces of crack for $1,200. Butler then tells Covington that when he (Davis) runs out of

crack, Butler will go to Covington. The application of Rule 801(d)(2)(E) means that Jamel Covington and Dwayne Butler's statements are not hearsay, and are admissible against their co-conspirator, Deshaun Davis.

7. Likewise, in the January 24th controlled purchase, the confidential source sets up a controlled buy of crack from Johvon Covington. When the CHS arrived at 3rd Bone territory, Covington said he "had to make a run" and that he left the drugs with "his man," meaning Butler. The CHS then met with Butler who distributed .83 grams of crack in exchange for $80. These statements are made in furtherance of the conspiracy because Johvon Covington is passing a sale to his co-conspirator, Dwayne Butler. The application of Rule 801(d)(2)(E) means that Johvon Covington's statement is not hearsay, and is admissible against Dwayne Butler.

8. In *United States v. Turner*, 718 F.3d 226, 231 (3d Cir. 2013), the Court addressed the appellant's claim that the district court improperly admitted conversations between a charged co-conspirator and IRS agent under Fed.R.Evid. 801(d)(2)(E). To admit evidence under Rule 801(d)(2)(E), the Government must prove by a preponderance of evidence that "(1) a conspiracy existed; (2) the declarant and the party against whom the statement is offered were members of the conspiracy; (3) the statement was made in the course of the conspiracy; and (4) the statement was made in furtherance of the conspiracy." *Id.* In reviewing the factual record, which included a written agreement, a meeting, and a letter between appellant and his co-conspirator, as well as statements of the co-conspirator, the *Turner* Court found there were sufficient facts proving a conspiracy existed, and thus upheld the trial court's admission of evidence. *Id.* at 231-232. Applying *Turner* to the present case, there is clear evidence linking Deshaun Davis, Dwayne Butler, Tyleel Scott-Harper, Isiah Jenifer, Frederick Rochester, Jamel Covington, and Johvon Covington together in that they distribute the same drug (crack cocaine) in the same location (3rd

6

Bone territory). They also pass sales to one another and warn each other of police presence in their territory. For these reasons, a statement in furtherance of the conspiracy - - like Jamel Covington saying "Yeyo got it for 12" - - is admissible against Deshaun Davis under Rule 801(d)(2)(E).

9. Pursuant to Fed.R.Evid. 801(c), a statement that is not offered for the truth of the matter asserted is not hearsay. In this case, the statements of the CHS are not being offered by the government for the truth of the matters asserted; rather, the statements will be introduced to put the defendant's statements in context. For example, the phone conversations between the defendant Johvon Covington and the CHS sets up a location to meet for a drug sale. If the CHS's statements are excluded as evidence, then defendant Covington's words make little sense.

10. For these same reasons, wiretap communications where drug customers order controlled substances from the defendants are admissible to provide context under rule 801(c). Third Circuit case law fully support the government's interpretation and application of these Rules of Evidence. In *United States v. Hendricks*, 395 F.3d 173, 175 (3d Cir. 2005), the Court resolved the issue of whether legally obtained wiretap evidence was "testimonial evidence" under the Supreme Court's decision *Crawford v. Washington*, 541 U.S. 36 (2004). The *Hendricks* Court held "we find that surreptitiously monitored conversations and statements contained in the Title III recordings are not 'testimonial' for purposes of *Crawford*." *Id.* at 181. The *Hendricks* Court also considered the introduction of recorded conversations from a confidential informant, holding that "we conclude that the Government should be permitted to introduce the balance of the conversations, i.e., the statements of CI Rivera which, as the Government argues, put the statements of the other parties to the conversations 'into perspective and make them intelligible to the jury and recognizable as admissions.'" *Id.* at 184 (internal

7

citations omitted). Appling *Hendricks* to this case, the Title III recordings are not "testimonial evidence," and the statements of callers and confidential sources put the defendants' statements "into perspective and make them intelligible to the jury."[2]

---

[2] In *United States v. Berrios*, 676 F.3d 118, 124 (3d Cir. 2012), the Court considered the introduction of a Title III recording of "a conversation between [charged defendants] Berrios and Moore in a recreational yard . . . during which they discussed, in detail, the Wendy's shooting and getaway, and their respective roles in it. The defendants identified [another charged defendant] Rodriguez (by nickname) as the getaway driver, and blamed him for blowing out a tire and crashing the getaway driver." The *Berrios* Court noted "we now expressly follow the Supreme Court's Confrontation Clause jurisprudence as laid out in the trilogy of *Davis*, *Whorton*, and *Bryant*: where nontestimonial hearsay is concerned, the Confrontation Clause has no role to play in determining the admissibility of a declarant's statement. *Id.* at 127. As such, if the "statement is nontestimonial, then admissibility is governed solely by the rules of evidence." *Id.* (citations omitted). The *Berrios* Court rejected appellant Rodriguez's contention that the statements of Berrios and Moore were inadmissible hearsay against him, finding "the recording was admissible under Rule 804(b)(3) as a statement against penal interest . . . [r]ather than attempting to 'deflect liability' to Rodriguez, they take full credit for the Wendy's murder . . . mentioning Rodriguez only to complain that he crashed the getaway car." *Id.* at 129. Applying *Berrios* to this case, the rules of evidence determine the admission of Title III evidence here and, where two defendants implicate themselves and a co-defendant in a recording that is not in furtherance of the conspiracy, then Rule 804(b)(3) is another basis for admitting that evidence.

## CONCLUSION

At trial, the government intends to introduce hundreds of intercepted phone calls from Target Telephones 1, 2, and 3 and dozens of recordings from meetings where the defendants sold crack cocaine and other controlled substances to confidential sources. Due to legal analysis discussed above, the government is asking this Court to sign the attached Order detailing the evidentiary basis to admit statements from these recordings.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
*Acting United States Attorney*


*/s Jerome M. Maiatico*
JEROME M. MAIATICO
*Assistant United States Attorney*
*Chief, Narcotics and Organized Crime*


*Meaghan A. Flannery*
MEAGHAN A. FLANNERY
MATTHEW T. NEWCOMER
*Assistant United States Attorneys*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 19-636** |
| **DESHAUN DAVIS, (1)** | : | |
| **DWAYNE BUTLER, (2)** | | |
| **TYLEEL SCOTT-HARPER, (3)** | : | |
| **ISIAH JENIFER, (6)** | : | |
| **FREDERICK ROCHESTER, (7)** | | |
| **JAMEL COVINGTON, (8)** | : | |
| **JOHVON COVINGTON (9)** | | |

**O R D E R**

AND NOW, this       day of                  , 2021, after considering written submissions and arguments by the parties, the Court finds that the government may introduce statements that were intercepted on Target Telephones 1, 2, and 3, and statements that were intercepted during the controlled purchases of crack cocaine and other controlled substances, against the above-named defendants, provided that the statements:

1) Comply with Fed.R.Evid. 403; and

2) If the statement is being introduced as the admission of a party-opponent, that it comply with Fed.R.Evid. 801(d)(2)(A); or

3) If the statement is being introduced as the statement of a co-conspirator in furtherance of the conspiracy, that it comply with Fed.R.Evid. 801(d)(2)(E); or

4) If the statement is made by a caller on Target Telephone 1, 2, or 3, or by a

       confidential source during a controlled purchase of narcotics, and is being introduced to put a defendant's statements into perspective, that it comply with Fed.R.Evid. 801(c).

It is so ORDERED,

BY THE COURT:

_____

HONORABLE JUAN R. SANCHEZ
*Judge, United States District Court*

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served a true and correct copy of the within

motion to permit voice identifications on the following by ECF:
Nino Tinari, Esquire

nino@ntinarilaw.com
*Counsel for Deshaun Davis*

Steve Edward Jarmon, Esquire
sjarmon@lambmcerlane.com
*Counsel for Dwayne Butler*

Andrew Montroy, Esquire
amontroy@gmail.com
*Counsel for Tyleel Scott-Harper*

Rhonda Pantellas Lowe, Esquire
rhonda@rhondaplowe.com
*Counsel for Isiah Jenifer*

Benjamin Cooper, Esquire
bcooperlawyer@gmail.com
*Counsel for Frederick Rochester*

Paul J. Hetznecker, Esquire
phetznecker@aol.com
*Counsel for Jamel Covington*

Michael N. Huff, Esquire
michael.huff.esq@gmail.com
*Counsel for Johvon Covington*

*Meaghan A. Flannery*
MEAGHAN A. FLANNERY
MATTHEW T. NEWCOMER
Assistant United States Attorneys

Date: August 16, 2021